UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JAMI HOLLAND, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:14-CV-86 |
| § | |
| DA TENCIL, INC., *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Plaintiff Jami Holland alleges that Defendants—her former employer, D A Tencil, and its owner, Teresa Vencil—violated the Fair Labor Standards Act (FLSA) by failing to pay her minimum wage and overtime and then firing her when she complained about the pay issues. Defendants contend that as a "small flora and events venue" with gross annual sales below $500,000 they are not subject to the federal statute. If proved, those sales numbers would warrant dismissal of this case. But the preliminary question is whether Defendants properly raised this issue in a challenge to the Court's subject matter jurisdiction, or whether the sales requirement is instead an element of the offense that should be challenged through other procedures.

## I. DISCUSSION

The FLSA contains the federal standards for minimum wage and overtime payments for public and private employees. The statute applies to an "enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 203(s)(1). The FLSA defines such an enterprise as one that:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose *annual gross volume of sales made or business done is not less than $500,000*

29 U.S.C. § 203(s)(1)(A) (emphasis added).

Defendants filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, arguing that they are not an enterprise under the FLSA. In an attached affidavit, Teresa Vencil asserts that D A Tencil's gross annual income "was approximately $450,000." Docket Entry No. 7-1 at 2. Because D A Tencil does not qualify as an enterprise under the FLSA if those figures are true, Defendants argue there is no federal question jurisdiction under 28 U.S.C. § 1331. Holland responds that asserting an FLSA claim properly invokes federal question jurisdiction and the gross sales requirement is merely an element of the claim that must be proven like other elements during the litigation. Docket Entry No. 12 at 2.

The Fifth Circuit has not directly addressed this question under the FLSA. The Supreme Court, however, has addressed a similar issue in another commonly litigated federal employment statute: Title VII. Title VII's definition of "employer" includes only those having "fifteen or more employees." 42 U.S.C. § 2000e(b). In deciding whether this limitation "affects federal-court subject-matter jurisdiction or, instead, delineates a substantive ingredient of a Title VII claim for relief," the court opted for the latter view based on the following reasoning:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

*Arbaugh v. Y & H Corp.,* 546 U.S. 500, 503, 515–16 (2006) (internal citations omitted). The Court contrasted Title VII's employee-numerosity requirement with the $75,000 amount-in-controversy requirement for diversity jurisdiction. 28 U.S.C. § 1332(a).

Given the similarity between the FLSA's gross-sales requirement and Title VII's fifteen-employee requirement, the same result is warranted here. Several courts have so held. *See, e.g.*, *Lopez-Santiago v. Coconut Thai Grill*, 2014 WL 840052, *3 (N.D. Tex. March 4, 2014) ("[T]he FLSA provisions addressing enterprise coverage contain no language suggesting that the limitation on coverage is jurisdictional. And under *Arbaugh*'s bright-line rule, in the absence of such

language, the court must treat enterprise coverage as an element of plaintiffs' claim rather than a jurisdictional prerequisite." (internal quotation marks and citations omitted)); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007) ("The FLSA places the [annual dollar value] limitation in the definitions section of the Act, and does not suggest that the [annual dollar value] limitation is jurisdictional. We therefore treat it as an element of the claim." (internal citation omitted)); *Hernandez v. Art Deco Supermarket*, 2013 WL 5532828, *2 (S.D. Fla. Oct. 4, 2013) ("[T]he interstate commerce requirements underlying both the individual and enterprise coverage claims are elements of the cause of action, not jurisdictional prerequisites."); *see also Turcios v. Delicias Hispanas Corp.*, 275 Fed. App'x. 879, 882 (11th Cir. 2008) (assuming arguendo that enterprise coverage is jurisdictional because the parties had not disputed it, but holding that it is so intertwined with the merits of the claim that district court erred when applying Rule 12(b)(1)). Defendants cite no authority to the contrary, nor could this Court find any that views the FLSA enterprise provision as a jurisdictional issue.

Treating the FLSA's gross-sales requirement as an element of the offense is consistent with a basic understanding of subject matter jurisdiction. Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This case, in which the sole

cause of action asserted undoubtedly arises under federal law, is the paradigmatic federal question case "in which federal law creates the cause of action." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 US 804, 808 (1986).  Of course, like many litigants, Holland may not prevail on her claim.  But whether her FLSA claim ultimately fails because Defendants' revenues are less than $500,000 is no different than if the claim fails because Plaintiff was in fact paid overtime, she did not in fact work overtime, or her job falls under one of the Act's many exemptions.  As the Fifth Circuit recently explained in ruling that the question whether a retirement plan meets ERISA's governmental plan exemption is not jurisdictional, "unless the Plaintiffs' claim is so insubstantial or implausible as not to involve a federal controversy," pleading a claim under a federal statute triggers federal jurisdiction.  *Smith v. Regional Transit Authority*, --- F.3d ----, 2014WL 2853584, *3 (5th Cir. June 23, 2014) (internal quotation marks and punctuation omitted).

Defendants' challenge to the gross-sales requirement should thus be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim (if they believe enterprise status has not been adequately pleaded) or a summary judgment motion (if they believe enterprise status cannot be proven).  Defendants may have raised this as a jurisdictional challenge on the belief that the Rule 12(b)(1) procedure would allow for more prompt resolution of this issue.  But when jurisdictional issues require factual determinations, "an adequate opportunity to conduct

discovery" is appropriate. *In re Eckstein Marine Service L.L.C.*, 672 F.3d 310, 320 (5th Cir. 2012). Because this question concerning gross sales is likely not a complicated one, any period of discovery would likely be brief and a summary judgment motion raising the issue could be considered in the near future. Raising the issue via that procedure thus would not appear to substantially delay resolution of the defense. Of course, as the Supreme Court observed in *Arbaugh*, one significant difference in where an issue falls on the "subject-matter-jurisdiction/ingredient-of-claim-for relief dichotomy" is that if the gross sales threshold issue involves a disputed issue of fact, it will be an issue for the jury rather than this Court to decide. *Arbaugh,* 546 U.S. at 511, 514. But these issues can be sorted out if Defendants choose to raise the sales issue through the proper procedural mechanism.

## II. CONCLUSION

For these reasons, Defendants' Motion to Dismiss for lack of subject matter jurisdiction (Docket Entry No. 7) is DENIED.

SIGNED this 21st day of July, 2014.

                                       _____
                                            Gregg Costa
                                      United States Circuit Judge
                                         (Sitting by Designation)