UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMI HOLLAND, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:14-CV-00086 |
| | § | |
| DA TENCIL, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

Plaintiff Jami Holland was a floral and events designer at D.A. Tencil, Inc., a floral shop owned by Teresa Vencil in League City, Texas.  After being terminated, Holland filed this lawsuit against both the business and Vencil. Holland alleges that during her employment, Defendants failed to pay her minimum wages and overtime in violation of the Fair Labor Standards Act (FLSA).  Holland also contends that she was fired in retaliation for complaining about not being paid overtime.

Defendants move for summary judgment, arguing that they are not covered by the FLSA because D.A. Tencil, Inc. has annual sales below $500,000,[1] which means it is not an "enterprise engaged in commerce or in the production of goods for commerce."  *See* 29 U.S.C. § 203(s)(1)(A) (requiring that an "enterprise

---

[1] Its tax returns show gross annual sales of $422,740 in 2012 and $357,297 in 2013.  Docket Entry No. 18-1.

engaged in commerce" have an annual gross volume of sales made or business done not less than $500,000). Holland does not dispute D.A. Tencil's financials, but says the "enterprise" issue does not matter because the FLSA applies to any employee who is "engaged in commerce or in the production of goods for commerce," even if her employer does not qualify as an "enterprise." She contends she was such an employee with a sufficient connection to commerce because she routinely took phone orders from out-of-state customers and used a "wire service" to place and receive interstate orders. The facts both sides rely on are undisputed, so this motion turns on the following question: does the FLSA apply only to employees of an "enterprise," or does it apply to an employee of a business too small to qualify as an "enterprise" so long as the employee engages in commerce as part of her job duties?

The statute provides a clear answer. The FLSA guarantees minimum wage and overtime to an employee who is (1) "engaged in commerce or in the production of goods for commerce, *or*" (2) "is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a)(1) (emphasis added). In fact, the "employee engaged in commerce" provision on which Holland relies was the original coverage provision of the FLSA when enacted in 1938. The Act was amended in 1961 to add the alternative "enterprise engaged in commerce" basis for finding FLSA coverage. *Reich v.*

*Stewart*, 121 F.3d 400, 405 (8th Cir. 1997). By broadening the statute, Congress extended FLSA coverage "without departing from the act's [original] basis of coverage: engagement in 'commerce' or in the 'production of goods for commerce,' and if the employer's annual dollar volume is insufficient to trigger enterprise coverage, [e]mployees individually engaged in such activities . . . [will] continue to enjoy the act's benefits." *Id.* (quoting S. Rep. No. 87-145 (1961), *reprinted in* 1961 U.S.C.C.A.N. 1620, 1644) (internal quotation marks omitted). "*Either* individual *or* enterprise coverage is enough to invoke FLSA protection." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (emphasis in original).

Defendants' argument focuses only on the definition of "enterprise engaged in commerce or in the production of goods for commerce." That definition does incorporate the "employees in engaged in commerce" requirement, which may cause the confusion. An enterprise is defined as follows:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; *and*
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1)(A) (emphasis added). But Defendants fail to recognize that the general coverage provision of the FLSA provides the alternative "individual

coverage" basis for any employee "engaged in commerce or in the production of goods for commerce." 29 U.S.C.§§ 206(a), 207(a)(1). Why the separate coverage provisions when an "enterprise" must have employees who engage in commerce? Because the "enterprise" provision extends FLSA coverage to an employee who herself does not engage in commerce so long as she works for an employer that has other employees engaging in commerce (and that meets the sales threshold). Defendants' mistake in overlooking the coverage provision itself and focusing only on the definition of "enterprise" is one other employers have made, but courts have uniformly rejected that position. *See, e.g.*, *Martinez v. Palace*, 414 F. App'x 243, 245–46 (11th Cir. 2011) (rejecting argument that amendment altered existing "individual coverage" under FLSA); *Reich*, 121 F.3d at 405 (same); *Zorich v. Long Beach Fire Dep't & Ambulance Serv., Inc.*, 118 F.3d 682, 684 (9th Cir. 1997) (same); *Martin*, 955 F.2d at 1032 (providing statutory framework for individual *and* enterprise coverage).

That leaves the question whether Holland's interstate use of the telephone and wire are sufficient to establish that she is engaged in interstate commerce. Defendants do not contest this determination, and with good reason as it is not a difficult standard to meet. To determine whether an individual is sufficiently engaged in interstate commerce, courts apply a "practical test": "whether the work is so directly and vitally related to the functioning of an instrumentality or facility

of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (quoting *Mitchell v. H.B. Zachry Co.*, 362 U.S. 310, 324 (1960)). "Any regular contact with commerce, no matter how small, will result in coverage." *Marshall v. Victoria Transp. Co., Inc.*, 603 F.2d 1122, 1124 (5th Cir. 1979); *accord* 29 C.F.R. § 776.3 ("[T]he law is settled that every employee whose engagement in activities in commerce or in the production of goods for commerce, even though small in amount, is regular and recurring, is covered by the Act." (collecting cases)).  Holland's placing and receiving interstate orders satisfies the FLSA's lax interstate commerce requirement at the summary judgment stage.

Defendants' motion therefore is **DENIED**.  This case will proceed to trial. Signed this 12th day of February, 2015.

_____
Gregg Costa
United States Circuit Judge
(Sitting by Designation)